UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-552(DSD/SER)

Stanley B. Alexander,

       Plaintiff,

v.                                          **ORDER**

Mary Ervin, an individual, and
Knutson, LLC, a domestic limited
liability company doing business
as Judgment Recovery Assistance,

       Defendants.

    Patrick L. Hayes, Esq. and Marso & Michelson, PA, 3101 Irving Avenue South, Minneapolis, MN 55408, counsel for plaintiff.

    Mary Ervin appeared on her own behalf.

This matter is before the court upon the motion for default judgment by plaintiff Stanley B. Alexander. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

On March 8, 2013, Alexander filed this action against defendant Mary Ervin, doing business as Judgment Recovery Assistance[1] (collectively, Ervin),[2] alleging violations of the Fair Debt Collection Practices Act (FDCPA), wrongful garnishment under

---

[1] Ervin appeared at oral argument as the sole proprietor of Judgment Recovery Assistance, an unincorporated entity.

[2] Knutson, LLC (Knutson) is also named as a defendant in this action. At oral argument, Alexander agreed to dismissal of Knutson from this action. As a result, dismissal of the claims against Knutson is warranted.

Minnesota Statutes § 571.90, conversion, a claim for unauthorized practice of law under Minnesota Statutes § 481.02 and negligence. Ervin failed to answer, and on June 24, 2013, the clerk entered default.

Alexander then moved, pursuant to Rule 55, for default judgment against Ervin. On November 15, 2013, the court held oral argument on the motion. Ervin appeared but conceded that she had no legal basis for opposing entry of default judgment. As a result, the court grants the motion for default judgment.

Where, as here, "a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (citations omitted). "[A] party entitled to judgment by default is required to prove the amount of damages that should be awarded ... by a preponderance of the evidence." Cedar Rapids Elec. Apprenticeship Training & Educ. Trust v. Roth, No. 12-cv-2038, 2012 WL 5269188, at *3 (N.D. Iowa Oct. 24, 2012) (citations and internal quotation marks omitted). A court may establish damages upon default "by taking evidence when necessary or by computation from facts of record, to fix the amount which the

plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944) (citations omitted).

Here, Alexander filed affidavits and an exhibit in support of his damage and fee requests. See ECF Nos. 16, 17. "Under the FDCPA, a debt collector who violates the Act is liable for any actual damages sustained by the plaintiff and additional damages as the court may allow, but not exceeding $1,000." Jenkins v. E. Asset Mgmt., LLC, No. 4:08-cv-1032, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009) (citations and internal quotation marks omitted). Further, the FDCPA allows plaintiffs to recover "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

The court may award actual damages under the FDCPA for mental anguish and emotional distress. Jenkins, 2009 WL 2488029, at *3. Here, Alexander seeks $25,000 in actual damages. Alexander states that he suffered $3,914.10 in unlawfully garnished wages and a $65 late fee for rent payments. Alexander Aff. ¶¶ 3,5. Alexander also seeks actual damages for stress, anxiety, embarrassment, loss of sleep, back pain and stomachaches. See id. ¶¶ 8-11. Alexander also states that he fell behind on payments for utilities and rent as a result of Ervin's actions. Id. ¶¶ 6-7. Other courts considering factually similar circumstances award actual damages far below Alexander's request of $25,000. See, e.g., Jenkins, 2009

WL 2488029, at *3 (awarding $2,000 in actual damages for mental anguish and humiliation from harassing phone calls); Sweetland v. Stevens & James, Inc., 563 F. Supp. 2d 300, 303-04 (D. Me. 2008) (awarding $2,500 in actual damages where plaintiff suffered distress heightened by serious health problems after collector used threatening tone and abusive language); Chiverton v. Fed. Fin. Grp., Inc., 399 F. Supp. 2d 96, 102 (D. Conn. 2005) (awarding $5,000 in actual damages where plaintiff suffered anxiety, stress, frustration and fear of being passed over for a promotion as a result of harassing phone calls).

The court notes that "it would be improper to award [Alexander] an amount greater than the evidence would justify. The purpose of the actual damages portion of the statute is to fairly compensate the plaintiff, not to punish or deter the defendant." Sweetland, 563 F. Supp. 2d at 304 (citation omitted). As a result, the court awards Alexander $3,914.10 in unlawfully garnished wages, the $65 late fee and $3,000 for mental anguish and emotional and physical distress, for a total of $6,979.10 in actual damages.

Additionally, in determining the amount of statutory damages, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Jenkins, 2009 WL 2488029, at *3 (citation and internal quotation marks omitted). Here, the strategies Ervin employed to collect the debt owed by

Alexander — including a misleading letter sent to Alexander and numerous instances in which Ervin improperly signed and/or served garnishment-related documents — amounted to repeated violations of the FDCPA.  Ervin acted in violation of the FDCPA even after receiving prior notice from a court that such attempts to collect the debt from Alexander were unlawful.  Compl. ¶ 42.  As a result, the court finds that statutory damages of $1,000 are appropriate under the FDCPA.  Moreover, Minnesota Statutes § 571.90 provides for $100 in statutory damages for violations.  As a result, the court awards a total of $1,100 in statutory damages.

As to fees and costs, the court finds that the requested amounts of $5,700 and $580, respectively, are reasonable.  As a result, the court grants Alexander's request for fees and costs.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for default judgment [ECF No. 14] is granted.

2. Plaintiff is awarded statutory damages in the amount of $1,100 and actual damages in the amount of $6,979.10.

3. Plaintiff is entitled to costs in the amount of $580 and attorney's fees in the amount of $5,700.

4. Defendant Knutson is dismissed from this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 21, 2013

s/David S. Doty  
David S. Doty, Judge  
United States District Court
